UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| v. | NO. 14-22 |
| **SUSAN HOFFMAN** | SECTION L |

### ORDER & REASONS

Before the Court is Defendant Susan Hoffman's ("Hoffman") Motion to Re-Urge and Adopt Pending Motions. R. Doc. 1071. After a review of the record, briefings, and applicable law, the Court rules as follows.

### I. BACKGROUND

This white-collar criminal case was transferred to this section on January 31, 2022 upon the death of the late Judge Feldman. The Court is familiar with this case's lengthy procedural history and will only summarize the background relevant for the instant motions. In 2014, a grand jury returned a 25-count Second Superseding Indictment against defendants Peter Hoffman, Michael Arata, and Susan Hoffman. All three defendants were charged in Count 1 with conspiracy to commit mail and wire fraud by submitting false and misleading expenditure claims in applying for state tax credits under the Louisiana Motion Picture Incentive Act in relation to their company, Seven Arts Entertainment ("Seven Arts") and the company's mansion on Esplanade Avenue in New Orleans. Following an 11-day jury trial in April of 2015, the defendants were convicted of various charges including conspiracy to commit wire fraud, wire fraud, mail fraud, and, as to Mr. Arata, making false statements to federal agents. Each defendant has engaged in motion practice and pursued appellate avenues as to various aspects of their trial and sentences, and the government

1

also appealed because the District Court had set aside certain convictions following the jury verdict.

In 2018, the Fifth Circuit decided these various appeals and affirmed in part and reversed in part the sentences below. *United States v. Hoffman*, 901 F.3d 523 (2018). Relevant to the instant motion, the Fifth Circuit affirmed Hoffman's sentence of three years' probation. *Id.* at 559-60. The Fifth Circuit found that this sentence reflected her relatively small role in the fraud scheme and that the District Court did not abuse its discretion in sentencing her to only probation without incarceration. *Id.* The Fifth Circuit remanded portions of the case however and motion practice continued related to the remand, the Defendants' sentencings, and various discovery issues.

## II. PRESENT MOTION

Susan seeks to reurge the following motions that had been previously terminated when the case was stayed: (1) Motion for Order to Show Cause, R. Doc. 815; (2) Motion to Vacate Order of Forfeiture, R. Doc. 829; (3) Motion to Set Aside Judgment, R. Doc. 897; (4) Motion for Discovery, R. Doc. 918; and (5) Motion to Compel, R. Doc. 927. *Id.* She also moves for permission to adopt Peter Hoffman's *Brady* Motion, R. Doc. 1052. *Id.* However, on March 7, 2024, the Court denied Peter Hoffman's *Brady* Motion and therefore the request to adopt this motion is now moot. *See* R. Doc. 1074.

The five motions Hoffman seeks to reurge all orbit the *Brady* issue and involve substantially the same arguments and materials. A brief description of each of the five motions she would reurge is below.

*R. Doc. 815, Show Cause*. In this motion, filed in 2019, Peter and Susan argued for an Order to Show Cause why LED and OIG should not be held in contempt for failing to comply with an order dated November 25, 2014, which instructed LED to respond to co-defendant Arata's

subpoena duces tecum (R. Doc. 213). The Hoffmans first filed this motion on November 16, 2016. R. Doc. 706. Judge Feldman heard oral argument on this motion in March 2017. *See* Transcript, R. Doc. 731. He told them any ruling on the merits of contempt would be premature pending the Fifth Circuit appeal.[1] It appears from the record that the evidentiary hearing was continued without a new date and that it never occurred.

*R. Doc. 829, Vacate Forfeiture*. In July 2019, Hoffman filed to renew a motion to vacate forfeiture (referencing R. Doc. 793, filed in April 2019) relying on a 2017 case from the Supreme Court, Honeycutt v. United States, which dispenses with joint and several liability for co-conspirators. 581 U.S. 443 (2017). In her renewed motion, R. Doc. 829, one argument offered was that the court retained the power to modify this forfeiture order because the judgment against Hoffman was not yet final. R. Doc. 829-2 at 7. This is no longer the case, but Hoffman seeks to reurge this renewed motion nevertheless.

*R. Doc. 897, Set Aside Judgment*. This motion was an earlier iteration of the recent *Brady* Motion, R. Doc. 1052. See R. Doc. 1074 for a summary of the arguments and the Court's analysis.

*R. Doc. 918, Motion for Discovery*. This motion urged the Court to enforce prior orders, specifically (1) the pretrial order where the government claimed no *Brady* materials existed, which Hoffman alleges was false, and (2) subpoena enforcement orders, specifically by completing document production and by providing documents related to the arbitrations between LED and LIFT and documents between OIG and LED related to Horizon investigations.

*R. Doc. 927, Motion to Compel*. This document reiterates R. Doc. 918 and again urges the production of all *Brady* materials as well as the enforcement of the pretrial order and subpoena enforcement orders. Much of its substance is verbatim from R. Doc. 918.

---

[1] This was before the Fifth Circuit issued its 2018 opinion regarding the parties' first appeal.

### III. APPLICABLE LAW

Since the Federal Rules of Civil Procedure do not specifically recognize a motion to reurge, Courts tend to treat them as akin to a motion to alter or amend a judgment or for a court to correct errors as to the laws or facts. *See* § 9:59, 3 Motions in Federal Court § 9:59 n.92 (3d ed.); *see also Ford v. Elsbury*, 32 F.3d 931, 936-37 (5th Cir. 1994) ("The motion to reurge is best characterized as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). We have held that a 'motion for reconsideration' should be so treated, and see no reason to treat a 'motion to reurge' differently."). While Rules 59 and 60 apply to final judgments only, "if a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls." *Id.*

In *Ford*, the Fifth Circuit addressed whether a district court had diversity jurisdiction when certain non-diverse defendants were "fraudulently joined." *Ford*, 32 F.3d at 933. The district court had denied the plaintiff's motion to remand and granted summary judgment for those defendants. *Id.* After judgment was entered, the plaintiffs filed a reurged motion to remand, citing additional evidence, which the district court denied. *Id.* at 936-37. The Fifth Circuit, in addressing the plaintiffs' reurged motion, described that a Rule 59(e) movant need not show that the underlying evidence they cite could have been obtained earlier. *Id.* A district court deciding whether to permit such "late-filed evidence must strike the proper balance between two competing interests:" finality and a just decision based on all relevant facts. *Id.* In treating a motion to reurge like a motion under Rule 59(e), courts apply the same timeliness analysis and require that the motion be filed within ten days of the final judgment. *Id.* at 936-37. [2]

### IV. DISCUSSION

---

[2] While final judgment has long since past, the Court granted Hoffman leave to file this motion and therefore does not decide this matter on timeliness.

First, the Court recently denied Peter Hoffman's *Brady* Motion on the grounds that the evidence he cited was not *Brady* material. R. Doc. 1074. Therefore, Hoffman's request to adopt that motion is now moot. Next, the motions she seeks to reurge all relate to the same non-*Brady* materials that were subject to Peter's motion. The Court therefore will not reiterate its reasoning on the *Brady* issue here. See *id.* for a more thorough analysis on why these materials do not satisfy *Brady*. Accordingly, the Court finds that the "two competing interests" the Fifth Circuit discusses in *Ford* are not competing here at all – the interests of finality and a just result based on all relevant facts are in tandem in this case. The jury and Fifth Circuit both rejected the arguments that underly these reurged motions: that the Horizon Report and LIFT materials demonstrate that LED approved the defendants' behavior – namely, circular transactions – and the absence of these materials at trial require convictions be vacated or other relief. The jury heard these arguments at trial and rejected them, and the Fifth Circuit heard these arguments on appeal and rejected them.

Accordingly, for the foregoing reasons, the Court **DENIES** Hoffman's motion to reurge.

New Orleans, Louisiana, this 11th day of March, 2024.

United States District Judge